CULPEPPER, Judge.
This is a suit for damages for personal injuries to plaintiff, an elderly pedestrian, who fell down when frightened by defendant’s truck. The district judge awarded plaintiff $1,800 plus certain expenses. Defendant appealed. Plaintiff did not appeal or answer the appeal.
The essential issues are whether defendant’s truck driver was negligent and, alternatively, whether plaintiff was guilty of any contributory negligence barring his recovery.
The accident occurred in the city of Marksville on Washington Street, which runs north and south. Along the east side of the street is a concrete sidewalk. At the scene of the incident a graveled parking lot is located just east of the sidewalk between two commercial buildings.
At about 8:00 a. m. on August 2, 1963, plaintiff, who is 74 years of age, was walking along the sidewalk in a southerly direction. He had reached a point about opposite the center of the parking lot. Defendant’s truck, driven by its employee, Huey Bernard, was going south on Washington Street. Bernard turned left to enter the parking lot and saw plaintiff on the sidewalk in his path. He applied his brakes and blew his horn. Plaintiff, who had theretofore been unaware of the truck’s approach, was frightened. In his attempt to get out of the way, plaintiff fell down on the sidewalk and suffered the injuries complained of.
Plaintiff contends the accident was caused solely by the negligence of the truck driver in approaching too close to this aged pedestrian and then abruptly applying his brakes and sounding his horn in such a manner that it was reasonably foreseeable the old man would be panic-stricken.
On the other hand, defendant contends that from a safe distance the truck driver did no more than his statutory duty to give warning to this pedestrian by blowing his horn and exercising due care to avoid colliding with him. LSA-R.S. 32:214.
The essential issue is factual, i. e., whether the actions of the truck driver were such that he should have reasonably anticipated this elderly pedestrian might become panic-stricken and fall down and injure himself. Plaintiff’s witnesses testified that the truck was only six to eight feet from the old man when it stopped abruptly, “squeaked” its tires, and “blasted” its horn. Defendant’s witnesses said the truck was *660 about 15 feet away when it stopped and blew its horn one time.
After thoroughly reviewing the record, we think the evidence amply supports the ■conclusion of the trial judge, which we adopt as our own:
“The Court feels that the employee of defendant acted negligently under the circumstances. The old man, as a pedestrian, was on the sidewalk, walking where he had a right to be. He had the right of way,' so to speak. The truck driver, in making this left turn into the driveway from the street, was .apparently-iri a'hurry, though he denies this, tie had to clear the north bound lane of traffic, from vehicles approaching from the south. His hurrying" caused a sudden stop and a horn blast at the same time, was enough to scare the old man. In his attempt to get out of the way, he fell and the injuries were precipitated thereby. The truck driver should have anticipated this surprise or fright which-he could cause the old man. Defendant’s liability insurer, on the truck being used at the time, is liable for the injuries which resulted to plaintiff, even though there' was no actual blow dr impact'between plaintiff and the truck.”
As regards defendant’s alternative plea of contributory negligence, the contention here is that Mr. Brouillétte was negligent in catching one foot on the other and in not “watching where he was going. As a pedestrian he legally assumed the risk of having a horn blown at him by an approaching. motorist.” We see no merit in this argument. In his state of panic created by the negligence of the.truck driver, plaintiff acted reasonable in seeking to flee the path of the truck. In this emergency, created soleiy.by the negligence of defendant, plaintiff was not required to use perfect judgment but only to act reasonably under the circumstances, which we think he did. Of course, plaintiff did not assume the risk of having a horn blown at him in such a manner that he would be frightened into a state of panic.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.